IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    )
                            )
        v.                  )    Criminal No. 11-120
                            )
BRIAN DAVID WOLFE, et al.   )


O P I N I O N

DIAMOND, D.J.

On June 7, 2011, a grand jury returned a one-count indictment against defendant Brian David Wolfe and nine other individuals charging them with conspiracy to distribute and possess with intent to distribute a quantity of oxycodone from on or about February 26, 2009, to on or about June 21, 2010, in violation of 21 U.S.C. §846.

Presently before the court are the following pretrial motions filed by Brian Wolfe: (1) motion for disclosure of Rule 404(b) evidence (Document No. 184); (2) motion for discovery (Document No. 185); (3) motion to join co-defendants' motions (Document No. 186); and (4) motion for notice by the government of intention to use certain evidence (Document No. 187). Co-defendant Michael Charles Schwartzbauer has moved to join in Brian Wolfe's pretrial

motions (Document No. 193).[1]  The government has filed an omnibus response to the defendants' pretrial motions (Document No. 215). For the reasons stated herein, the motions will be granted in part and denied in part.

## Motion for Disclosure of Rule 404(b) Evidence

Brian Wolfe has filed a motion for disclosure of uncharged misconduct evidence which the government intends to offer at trial pursuant to Federal Rule of Evidence 404(b).[2]

On request by a defendant in a criminal case, Rule 404(b) requires the government to provide reasonable notice prior to trial of its intention to use evidence of other crimes, wrongs or acts for the purposes enumerated in the rule.  According to the commentary to Rule 404(b), other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes reasonable notice will depend on the circumstances of each case.  Courts that have considered what constitutes "reasonable notice" have concluded that notice of intent to use

---

[1]Co-defendants Ryan Robert Beharry, Daniel Saamus Malady, Dennis O'Hare, Stephen Michael Arovits, Roy Getty Arthrell, Terrell Ockmig Robinson and David Jones Smouse each have entered a guilty plea and are awaiting sentencing, and co-defendant Shannon Houston Wolfe has not filed any pretrial motions.

[2]Wolfe also requests a pretrial hearing on the admissibility of any potential Rule 404(b) evidence.  However, it would be premature to rule on the potential admissibility of any Rule 404(b) evidence until such evidence is considered in the context of trial.  Accordingly, no pretrial hearing is required.

AO 72
(Rev. 8/82)

Rule 404(b) evidence seven to ten days prior to trial is sufficient. See United States v. Evangelista, 813 F.Supp. 294, 302 (D.N.J. 1993) (ten days); United States v. Alex, 791 F.Supp. 723, 728-29 (N.D.Ill. 1992) (seven days); United States v. Williams, 792 F.Supp. 1120, 1133 (S.D.Ind. 1992) (ten days).

In response to Wolfe's motion, the government indicates that it does not intend to introduce against him at trial any uncharged misconduct evidence under Rule 404(b). However, should the government's position change, the court will grant Wolfe's motion to the extent he seeks advance notice of Rule 404(b) evidence and enter an order directing the government to provide the required notice ten days before trial.

## Motion for Discovery

Wolfe has filed a motion seeking discovery of ten categories of information, including inter alia requests for exculpatory and impeachment material.

Generally, governmental disclosure of evidence in criminal cases is governed by Federal Rule of Criminal Procedure 16(a). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1) "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v.

AO 72
(Rev. 8/82)

<u>Ramos</u>, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act, 18 U.S.C. §3500, and materials available pursuant to the "<u>Brady</u> doctrine."[3]  <u>Id.</u>

In response to Wolfe's discovery motion, the government has acknowledged its obligations under Rule 16(a) and the <u>Brady</u> doctrine. The government further indicates in its response that it is unaware of the existence of any directly exculpatory <u>Brady</u> material pertaining to defendant Wolfe. However, if the government discovers any such material, it must be provided to him. Accordingly, Wolfe's discovery motion and request for exculpatory evidence will be granted in part, and the government shall turn over all information falling under Rule 16(a) and the <u>Brady</u> doctrine to the extent that any such information exists and has not already been provided to him. To the extent Wolfe's discovery motion requests information that does not fall within the scope of Rule 16(a), <u>Brady</u> or the Jencks Act, those requests will be denied.

As to the timing of the required disclosures, it is well settled that the government's obligations under <u>Brady</u> require it to disclose actual exculpatory evidence without undue delay. In contrast, <u>Brady</u> impeachment material ordinarily must be disclosed "in time for its effective use at trial." <u>United States v. Higgs</u>, 713 F.2d 39, 44 (3d Cir. 1983). Therefore, should the government

---

[3]<u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

4

discover the existence of any exculpatory <u>Brady</u> evidence, such evidence shall be disclosed to Wolfe forthwith. As to impeachment material, the Third Circuit encourages adherence to the long-standing policy of promoting early production of all types of <u>Brady</u> material "to ensure the effective administration of the criminal justice system." <u>United States v. Starusko</u>, 729 F.2d 256, 261 (3d Cir. 1984) (quoting <u>Higgs</u>, 713 F.2d at 44, n.6). Given the nature of this case, disclosure of <u>Brady</u> impeachment material no later than ten days prior to trial is sufficient to protect defendant's due process rights and to ensure that trial delay is avoided, and an order will be entered to that effect.

<u>Motion For Notice by the Government of Intention</u>

<u>to Use Certain Evidence</u>

Wolfe has requested that the court order the government to provide notice of its intention to use any evidence at trial which may be the subject of a suppression motion. Wolfe has acknowledged that the government already has provided him with discovery concerning statements he made on August 25, 2009, and on November 9, 2009, as well as a search of his residence on that same date. The government notes that Wolfe also has been provided with additional discovery consisting of certain reports and compact discs that contain various search warrants, prescriptions, lab reports, computer reports and an affidavit of probable cause.

5

It appears to the court that the government has provided Wolfe with the information he seeks, thus his request for notice of the government's intent to use evidence which may be the subject of a suppression motion will be denied as moot.

### Motion to Join Co-Defendants' Motions

Both Wolfe and Schwartzbauer have filed motions for leave to join the pretrial motions filed by their co-defendants. These motions will be granted.

An appropriate order will follow.

Gustave Diamond
United States District Judge

Date: June 29, 2012

cc:  Margaret E. Picking
     Assistant U.S. Attorney

     All Defense Counsel of Record

AO 72
(Rev. 8/82)